STATE, EX REL. RHOAD ET AL., *v.* GROFF ET AL.[*]

(No. 312—Decided March 6, 1959.)

*Messrs. Griffith & Griffith* and *Messrs. Brownfield & Malone,* for relators.

*Messrs. Butler, Addison, Smith & Carmack* and *Miss Grace Fern Heck,* for respondents.

*Per Curiam.* This cause is submitted on motions for judgment on the pleadings.

---

[*]Appeal dismissed, moot question, 170 Ohio St., 72.

This is an action in mandamus brought by Jean C. Rhoad and others, residents and taxpayers of Fayette County, against the members of the Board of Education of the Miami Trace Local School District, Fayette County, Ohio, in which it is alleged that relators have reason to believe that the procedure adopted by the board of education relative to the issuance of bonds for the building of a high school was improper, irregular and not in good faith, and that by reason thereof relators wish to investigate the proceedings had by the respondents, to determine whether an action will lie to enjoin the issuance of such bonds. It is alleged further that permission to inspect the minutes and records of the board of education was refused by the clerk of that board. The relators pray "that a writ of mandamus issue directing the respondents to permit the relators, their attorneys or agents to examine and make copies of all minutes and other official records in the possession or control of the respondents, and that until the relators have had the opportunity to make such inspection, the respondents be restrained from accepting a bid for said bonds and from awarding or issuing the same."

The respondents filed an answer to the petition admitting that in the early part of this controversy permission to inspect the minutes and records of the board of education had been refused. However, it is further alleged that after being advised by counsel that the relators had the right to examine the books and records of the board, the respondents informed the relators that at any time they or their agents desired to examine the records of the board such records would be available to them. The respondents alleged further that "since the 25th day of June, 1958, the books and records of said Miami Trace Local School District have been available to the relators for examination and to make copies, at all times during all reasonable business hours, but that the fact is, neither the relators nor their agents or attorneys, despite the correspondence heretofore set forth, have made any attempt whatsoever to examine said records. Further answering, the respondents say that they are, have been and will be ready, able and willing to permit a full and complete examination of the records, and permit the taking of copies of the same by the relators, at any reasonable time, and that they tender herewith, as part of their answer, all of

the books and records of Miami Trace Local School District, Fayette County, Ohio, for the examination of said relators, as herein set forth.''

The relators have filed a motion for judgment on the pleadings. The pleadings show that the relators had a legal right to examine the public records of the respondents. This right was refused in the first instance, but later permission was granted the relators to examine all records of the board. In their answer the respondents offer to make available to the relators for examination all such records and tender such records for examination by relators.

The court cannot determine from the pleadings whether such examination has been made, or whether, if an examination has been made, all records sought to be examined have been made available. However, at this juncture it appears from respondents' answer that they have done and offered to do everything within their power which the law requires them to do. In the face of this allegation which discloses the readiness of the respondents to grant full authority to the relators to examine and inspect such records as may be pertinent to the issue we cannot sustain relators' motion for judgment on the pleadings.

At the time this matter was presented in open court counsel for respondents orally filed a motion for judgment on the pleadings. By the pleadings it does not appear that the examination of the records has been an accomplished fact. True, the respondents are ready and willing to open their records for examination. Until it appears that an examination has been made this court would not sustain a motion for judgment in favor of respondents.

The motion of relators and the motion of respondents for judgment on the pleadings are, therefore, overruled.

*Motions for judgment overruled.*

WISEMAN, P. J., CRAWFORD and KERNS, JJ., concur.

(Decided May 11, 1959.)

ON THE MERITS.

*Per Curiam.* This is an action in mandamus filed in this

court in Fayette County, in which the relators allege that they are residents and taxpayers of the Miami Trace Local School District, located in Fayette County, and that the respondents are the members of the board of education of said school district, and that one respondent is the clerk of said board.

Motions for judgment on the pleadings filed by the relators and respondents were overruled, the opinion on those motions being rendered by this court on March 6, 1959, to which reference is made. In the former opinion the court stated in a concise manner the pertinent allegations in the pleadings, which are restated here as follows:

It is alleged that relators have reason to believe that the procedure adopted by the board of education relative to the issuance of bonds for the building of a high school was improper, irregular and not in good faith, and that by reason thereof relators wish to investigate the proceedings had by the respondents to determine whether an action will lie to enjoin the issuance of such bonds. It is further alleged that permission to inspect the minutes and records of the board of education was refused by the clerk of that board. The relators pray "that a writ of mandamus issue directing the respondents to permit the relators, their attorneys or agents to examine and make copies of all minutes and other official records in the possession or control of the respondents, and that until the relators have had the opportunity to make such inspection, the respondents be restrained from accepting a bid for said bonds and from awarding or issuing the same."

The respondents filed an answer to the petition admitting that in the early part of this controversy permission to inspect the minutes and records of the board of education had been refused. However, it is further alleged that after being advised by counsel that the relators had the right to examine the books and records of the board, the respondents informed the relators that at any time they or their agents desired to examine the records of the board such records would be available to them. The respondents further alleged that "since the 25th day of June, 1958, the books and records of said Miami Trace Local School District have been available to the relators for examination and to make copies, at all times during all reasonable busi-

ness hours, but that the fact is, neither the relators nor their agents or attorneys, despite the correspondence heretofore set forth, have made any attempt whatsoever to examine said records. Further answering, the respondents say that they are, have been and will be ready, able and willing to permit a full and complete examination of the records, and permit the taking of copies of the same by the relators, at any reasonable time, and that they tender herewith, as part of their answer, all of the books and records of Miami Trace Local School District, Fayette County, Ohio, for the examination of said relators, as herein set forth.''

The motions for judgment on the pleadings being overruled, the matter is now presented on the merits. The evidence is in the form of stipulations agreed to by counsel.

We first examine the pleadings. The relators claim a legal right to examine the records of the board. In their answer, the respondents offer to make available to the relators for examination all such records and tender such records for examination. The relators allege in their petitions that the purpose of filing the mandamus action was to enforce inspection of the records of the board ''to determine whether an action will lie to enjoin the issuance of said bonds,'' and that respondents' refusal was for the purpose of ''preventing relators from bringing an action to test the validity of the issuance of said bonds.'' The gravamen of this action is to inspect the records to determine the legality of the proceedings of the board as they relate to the issuance of the bonds. At the time this suit was filed all such proceedings had taken place. The bonds were to be sold on July 10, 1958, the day on which this suit was filed. Subsequent to the filing of this action, and after respondents filed their answer, to wit, on November 19, 1958, two of the relators and a third person came to the office of the board and requested permission to see the records of the local school district. In the affidavit of the clerk, dated November 26, 1958, which is made a part of the evidence in this case, is found the statement that in response to that request,

''All of the records requested by relators were given to them and were examined by the relators, Rhoad and Abbott,

and said relators took notes from the records which they examined.''

The record shows that ample time has been given relators, and the respondents have offered and afforded relators the opportunity to make a thorough inspection of the records for the purpose alleged. The evidence shows that the relators have made that inspection.

In the stipulation filed February 24, 1959, it is stated that the board decided that the cost of the boring on the site of the proposed school, in the amount of $40, ''should be paid out of the contributions received, namely, the Miami Trace Service Fund.'' The relators now contend that they have the legal right to inspect the records pertaining to the Miami Trace Service Fund, which has been denied. From all that appears in the record of this case, the Miami Trace Service Fund is a fund established by voluntary contributions and is not a public fund. The burden is on the relators to show such fund to be a public fund and that they have a legal right of inspection of the records of that fund. 25 Ohio Jurisprudence, 1199, Section 271. The relators have not made the proper showing. Moreover, we are of the opinion that this matter is entirely irrelevant to the issues presented on the question of the legality of the proceedings relative to the issuance of the bonds.

In the stipulation filed March 28, 1959, is found the following statement:

''That the relators and their agents have been permitted to make, and have made, inspection of various books and records of the Board of Education of Miami Trace Local School District; that such inspection has disclosed that a substantial number of pupils who were not residents of said school district had been permitted to attend said school, without payment of tuition. That since inspection of the books, the respondents have directed the Prosecuting Attorney of Fayette County, Ohio, to collect said outstanding accounts.''

We fail to see the relevancy or materiality of the fact that a number of pupils were permitted to attend the school without payment of tuition. The stipulation very definitely states that the relators have been permitted to make, and have made, inspection of various books and records of the board. This evi-

dence, together with other evidence heretofore mentioned, indicates that relators have been permitted to make, and have made, inspection of the records relative to the matters which gave rise to the bringing of this action.

The relators do not at this time contend, either in their brief or in any other manner, that they have been denied inspection of records which have a bearing on the validity of the proceedings preparatory to the issuance of the bonds. The claim made now is stated in relators' brief as follows: "However, the instant case is not concerned with a performance of one specific act by respondents, but rather with a continuing course of conduct on their part. In such case, the action is not moot, and the relief sought should be granted." In support of this contention relators cite *Culver* v. *City of Warren*, 84 Ohio App., 373, 83 N. E. (2d), 82, and *Lawrence* v. *Hancock*, 76 F. Supp., 1004, neither of which is in point. Both cases cited involved racial discrimination, in which injunctive relief was granted. The relators are not entitled by way of a mandamus action to exercise continuous surveillance over the future actions of the board.

We hold that mandamus is the proper remedy to enforce the right of inspection of public records. 25 Ohio Jurisprudence, 1084, Section 110; 169 A. L. R., 653. But a mandamus action is not a substitute for an injunction. An injunction is usually employed to prevent future injury; a mandamus action to redress past grievances. 25 Ohio Jurisprudence, 980, Section 6. The mandamus action, having served its purpose, cannot be used to control a continuing course of conduct on the part of the board of education.

In our opinion the record in this case requires the application of the principle of law announced in *State, ex rel. Bowman,* v. *Asmann,* 113 Ohio St., 394, 149 N. E., 328. True, the relators in this case have not appeared in court and stated that the respondents have fully complied with their duties in respect to the matters at issue, which was the fact in the *Asmann* case, but the record in this case has the same legal effect. A writ of mandamus will not be granted where the respondents have complied with their duties with respect to the matters at issue.

The writ is hereby denied, and the petition is dismissed.

The costs of suit will be taxed against respondents for the reason that the action was properly instituted. *State, ex rel. Bowman, v. Asmann, supra.*

*Judgment accordingly.*

WISEMAN, P. J., CRAWFORD and KERNS, JJ., concur.