STATE, ex rel. TRUSZ et, Plaintiffs-Relators, v. MIDDLEBURG
HEIGHTS (Village) et, Defendants-Respondents.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 25056, 11823.   Decided January 15, 1960.

Marston G. Bergmann, for plaintiffs-relators.
Carney & Carney, Howard W. Broadbent, for defendants-respondents.

482

## OPINION

By SKEEL, J:

This is an original action filed in this court wherein the relator seeks a writ of mandamus ordering the defendants, the Building Inspector of Middleburg Heights, the members of the Zoning Board of Appeals, the Mayor of said Village, and the Village of Middleburg Heights, to issue a building permit in accord with an application filed with the Village, to build a gasoline station on the southwest corner of East Bagley Road and West 130th Street in said Village. The defendants have filed a demurrer wherein it is claimed that the petition does not state a cause of action.

The petition, after describing the property as located in the Village of Middleburg Heights, and alleging her ownership thereof, and also identifying the several defendants in their official capacities with the Village, and describing the Village as a defendant, alleges that the property on all four corners at the intersection of East Bagley Road and West 130th, including plaintiff's property, is vacant land and that the plaintiff's property is zoned for residence purposes. It is further alleged that the property on all four corners is located in an area lower than the residential properties and/or homes surrounding the area. The land to the rear of the parcel concerned and as above described and facing on East Bagley Road has recently been zoned semi-commercial for church purposes.

It is alleged that the plaintiff on May 1, 1959, filed a written application with the Building Commissioner of the Village as required by the Village Building Code, and on the form prescribed therefor, to erect a gasoline service station on her property, which application was accompanied by a detailed set of plans and specifications which it is alleged conformed in all respects with the building regulations of the Village. (The allegation that such application conformed to zoning regulations is clearly a misstatement of fact.) It is alleged that the application was denied by the Building Commissioner "solely on the basis of zoning regulations of the Village of Middleburg Heights, Ohio, under Village Ordinance No. 1955.41, which restricts said location to residential use." It is alleged that upon appeal and hearing before the legally constituted Zoning Board of Appeals, in which administrative procedure was fully complied with, the Board approved the ruling of the Building Inspector and Planning Commission and denied the application on the basis that the same was contrary to the zoning ordinance of the Village of Middleburg Heights, Ohio.

It is further alleged that the village ordinance which restricts the use of relator's property to residential use is unlawful and invalid for the reason that it constitutes an unlawful delegation of legislative powers to an administrative body, to-wit: the Zoning Board of Appeals, because there is no criteria properly established on the basis of which the Zoning Board of Appeals may exercise its discretion except as

provided in Subsection (h) of Section 22 of Ordinance No. 1955-41, which states:

"Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this ordinance, the Board of Appeals shall have power to vary the application of any provision in harmony with the general purpose and intent of this ordinance, so that the public health, safety, morals, and general welfare may be secured and substantial justice done, and may order a public notice and hearing before acting.

"Variations in specific cases of practical difficulty or unnecessary hardship, in addition to other proper variations, shall include the following:

"2. Permit in any district such modifications of the requirements of this ordinance as said Board may deem necessary to secure an appropriate development of a lot or parcel where adjacent to such lot or parcel there are buildings or uses which do not conform to the regulations of this ordinance, provided that the Board shall find no material damage or depreciation in value will result to neighboring properties.

"6. Permit in a use district any use deemed by the Planning Commission in general keeping with the uses authorized in such district."

It is further alleged that the decision of the Board of Appeals was whimsical and arbitrary and that it abused its discretion in denying relator's application. Also, it is alleged that the Board failed to set up standards to guide its action or that of property owners under the terms of the ordinance. It is alleged that the sections of Ordinance No. 1955-41, here involved, are arbitrary, unreasonable, confiscatory and deprive relators of their property without due process of law in violation of the Constitution of the United States, Amendment XIV, and **Article I, Sections 16 and 19, Ohio Constitution,** and that such ordinance is discriminatory on its face and deprives relators of their right to equal protection of the law under the Constitution of the United States, Amendment XIV, and **Article I, Section 2, Ohio Constitution.** The prayer is for a writ directing the defendants to issue a building permit to build a gasoline service station pursuant to relators' application.

The demurrer presents two questions:

1. Whether under §§2506.01 to 2506.04 inclusive, R. C., providing for an appeal from all orders of all administrative agencies, the relators are, in fact, afforded an adequate remedy at law so that an action in mandamus cannot be maintained on the facts pleaded, and 2) whether or not (even if such action is proper) as a matter of law, the allegations of the petition are sufficient to state a cause of action entitling the relators to the writ prayed for.

Sec. 2731.01 R. C., provides:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, a board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

Sec. 2731.05 R. C., provides:

"The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."

In considering the first question presented by the demurrer as to whether the relator can seek relief in mandamus where an appeal from the final decision of the Zoning Board of Appeals is, at least, possible, under **Chapters 2505** and **2506 R. C.**, the answer must be that in a proper case, mandamus is available. The deciding factor is as to whether or not such an appeal provides an adequate remedy in the ordinary course of the law. There are many cases where such an appeal will not afford an adequate legal remedy where the relator is, upon the undisputed facts, clearly entitled to the relief asked and the processes of appeal would be subject to unreasonable delay in affording relief. The selection of remedies is to be determined by a consideration of the purposes to be accomplished, based on the facts involved.

It has been said many times that mandamus cannot be used as a substitute for an appeal. In the case of **Brammer v. Hayes, 164 Oh St 373,** 130 N. E. 2d 795, an action in mandums was filed seeking to direct the Clerk of the Court of Common Pleas to issue an execution to the Sheriff on the property of the defendant to satisfy a judgment for relator rendered in an action in which the relator was plaintiff and the Allied Chemical & Dye Corp. was the defendant, and wherein the plaintiff had recovered damages upon the verdict of a jury. Upon an appeal by the defendant, the Court of Appeals reversed the judgment as against the weight of the evidence. The journal entry returned to the trial court reversing such judgment showed that two of the judges of the Court of Appeals voted for such reversal and one judge dissented. It was the claim of the relator that the judgment of the Court of Appeals, by reason of the constitutional provision requiring all three members of the Court of Appeals to agree upon the reversal of a judgment on the weight of the evidence when entered upon the verdict of a jury, was void as a matter of law so that the judgment of the trial court was valid, unreversed and, therefore, enforceable. In denying the writ, the Supreme Court held that the plaintiff had an adequate remedy at law, that is by appeal. This case clearly sets out the rule denying the right to the use of an extraordinary writ, such as mandamus, to correct an erroneous use of the judicial process in the trial of a case where the court was acting within its jurisdiction.

In the case of **Eggers v. Morr, 162 Oh St 521,** 124 N. E. 2d 115, and action seeking to enjoin the county commissioners from enforcing a resolution to effect a zoning amendment changing the use classification of certain property from residential to industrial, it was claimed that the Board of County Commissioners acted arbitrarily, unreasonably and capriciously and that the change would result in congestion of population, increased traffic problems, overcrowded schools, destruction of the privacy of plaintiffs, creation of noise and confusion, lessening of property values, and harm to the county zoning plan. It is evident from the foregoing claims that the passing of the resolution was clearly a legislative matter subject to the exercise of legislative judgment. Under **Chapters 2505** and **2506 R. C.**, there could be no doubt but that an appeal to the Court of Common Pleas was available to any interested party who felt aggrieved by the action of the county commissioners. The **court held:**

"1. Where an administrative agency has jurisdiction to make an order in a matter pending before it, and a right of appeal from such order to the Court of Common Pleas is provided by law to any person adversely affected thereby, such person is not authorized to bring an independent action in equity to enjoin the carrying out of such order, where the grounds relied upon in seeking the injunction are such as could be fully litigated in the appeal authorized by law.

"2. Mere inconvenience in complying with the necessary steps in taking such an appeal does not constitute an excuse for resorting to an independent action for an injunction in lieu of taking the appeal."

While the Eggers case is one in equity and an action in mandamus is an action at law, yet, because mandamus is a high prerogative writ, limited in its use to clear necessity within statutory limitations, the principles used in the decision in that case (Eggers) are applicable to an action in mandamus. These cases represent the clear trend of the law denying mandamus where there is an adequate remedy in the ordinary course of the law. Also, in such actions, mandamus cannot be used as a substitute for appeal even when on the face of the record, the action of the court was clearly against the law. See also: State, ex rel. City of Cincinnati v. Moulton, 160 Oh St 397, 116 N. E. 2d 445; State, ex rel. Stein, v. Sohngen, 147 Oh St 359, 71 N. E. 2d 483; State, ex rel. Blackburn v. Court of Appeals, 154 Oh St 237, 95 N. E. 2d 273.

In Volume 168 of the Ohio State Reports, the Supreme Court reports its decision of the following cases in which it was clear the relator did not have a clear right to the relief prayed for, and, therefore, mandamus was denied.

State, ex rel. v. Thompson, 168 Oh St 93.

Mandamus is not available to compel the clerk of a board of education, hired by the board and subject to its discipline, to perform a ministerial duty.

State, ex rel. v. Carlton, 168 Oh St 279.

Mandamus is not available to compel a township zoning inspector in charge of issuing building permits to issue such permit to relator seeking to construct a non-conforming use in a district zoned residential, where after denial of the permit by the zoning inspector, the relator failed to exhaust his administrative remedies.

State, ex rel. v. Comm., 168 Oh St 445.

Mandamus is not available to order the reinstatement of a classified employee of the Bureau of Unemployment Compensation, who has been discharged from such employment, there being "a plain and adequate remedy in the ordinary course of the law" viz. by way of appeal.

State, ex rel. v. Bank, 168 Oh St 535.

Mandamus is not available to enforce the right of a shareholder in a private corporation to inspect its books and records since there is an "adequate remedy in the ordinary course of the law" viz, a mandatory injunction.

State, ex rel. v. McCarroll, 168 Oh St 337.

"Mandamus will not issue to control judicial discretion or to direct in what particular way the court shall proceed or shall decide a particular matter."

**State, ex rel. v. Wait, 168 Oh St 5.**

Demurrer to a petition for a writ of mandamus, sought to compel a public official to perform an alleged statutory duty, will be sustained where relators fail to allege that relators have a legal right to the action sought to be enforced; that they have been injured in any manner different from that affecting the public generally; or that any private right of either organization has been affected in any manner by the inaction of respondents.

**State, ex rel. v. Bachrach, 168 Oh St 268.**

Mandamus will be denied where in his petition relator seeks an order to compel the members of a municipal city council and other officials of the city to transfer certain funds appropriated by the council to certain other accounts or to appropriate adequate sums to those accounts from other sources, but relator fails to establish a clear legal right to the relief sought.

**State, ex rel. v. Haines, 168 Oh St 307.**

Mandamus will not issue to compel the doing of a vain act.

On the other hand, the courts have on many occasions held that mandamus is a proper remedy where, under the undisputed facts, it was the clear duty of the respondent to perform the act demanded by the relator even though there might have been provided as a part of the rules of the administrative agency involved procedure by which an appeal might ultimately be carried to the highest court of the state. In the case of **State, ex rel. Killeen Realty Co. v. City of East Cleveland, 169 Oh St 375, 160 N. E. 2d 1** (Reported in **108 Oh Ap 99**), the right to maintain mandamus was sustained in unmistakable language. There the relator was seeking a building permit, which under the facts it was the City's clear duty to issue, and, therefore, a finding was required that the refusal of the City and its officers to grant a variance was an abuse of discretion. The respondent claimed the action should have been one in declaratory judgment. The Court of Appeals in the exercise of its orginal jurisdiction overruled a demurrer based on the claim that the administrative remedies of the relator were not exhausted and §§2506.01 to 2506.04 inclusive, R. C., were cited. With this background the Supreme Court said in the first paragraph of the syllabus:

"An action in mandamus will lie to compel designated municipal officials to issue a building permit in accordance with the municipality's zoning ordinances."

And on page 377 and 378 of the opinion, the court said:

"The right to maintain such an action as the instant one has been determined in a long line of cases in which this court has consistently held that a writ of mandamus may be allowed to compel the granting of building permits denied by local authorities on zoning grounds. Those cases include **State, ex rel. Wiegel et al, Trustees, v. Randall, Dir., 160 Oh St 327, 116 N. E. (2d), 300; State, ex rel. Fairmount Center Co., v. Arnold, Dir., 138 Oh St 259, 34 N. E. (2d), 777, 136 A. L. R. 840; State, ex rel. Synod of Ohio of United Lutheran Church, v. Joseph et al., Comm. of Village, 139 Oh St 229, 39 N. E. (2d), 515, 138 A. L. R., 1274; Hauser, Commr. of Buildings, v. State, ex rel. Erdman, 113 Oh St 662, 150 N. E., 42; State, ex rel. Associated Land & Investment Corp., v. City of Lyndhurst,**

168 Oh St 289, 154 N. E. (2d), 435; State, ex rel. Ice & Fuel Co., v. Kreuzweiser, Inspr. of Buildings, 120 Oh St 352, 166 N. E. 228; and State, ex rel. Gaede, v. Guion, Commr. of Buildings, 117 Oh St 327, 158 N. E., 748. Thus the right to maintain a mandamus action to compel the issuance of a building permit in a proper case is well established."

It must be concluded that §§2506.01 to 2506.04 inclusive, R. C., do not impair in the slightest the remedy of mandamus where the only issue is a showing of a clear right to the order sought.

In the case of State, ex rel. Cubbon, v. Winterfeld, 104 Oh Ap 260, 148 N. E. 2d 523, a writ of mandamus was ordered, directing the Board of Trustees of Adams Township to issue a certificate of occupancy for the relator's land under the terms of a newly-enacted zoning ordinance. The property of the relator (a residence) was admittedly a non-conforming use which had been lawfully there many years before the zoning restriction. The ordinance provided that an application for a certificate of occupancy had to be presented to the Board of Township Trustees. This was done and the proper fee paid. The board denied the application because of the deficiency of the area of the lot for residence purposes. The relator attempted to appeal to the Board of Zoning Appeals but a hearing was refused on jurisdictional grounds. There could be no question under the facts but that the relator was legally entitled to the certificate. The primary argument of the respondents was that by statute the relator had an adequate legal remedy by appeal from the order either of the Board of Township Trustees or the order of the Township Board of Zoning Appeals to the courts. The court held:

"1. A court may, in the exercise of sound discretion, grant a writ of mandamus if the available ordinary legal remedy is not plain and adequate.

"2. A person has a clear legal right to a certificate of occupancy on an existing nonconforming residential use under a township zoning resolution providing for the issuance of a certificate of occupancy on such a lawful nonconforming use and §519.19 R. C.

"3. Sec. 519.12 R. C., providing for appeals to the Common Pleas Court, and §519.15 R. C., providing for appeals to the Board of Zoning Appeals and thence to the Common Pleas Court, do not afford a plain and adequate remedy where there is a clear legal right to a certificate of occupancy under a nonconforming use."

In the case of State, ex rel. Emmich et al., v. Industrial Commission of Ohio, 148 Oh St 658, the court held that the petition for a writ of mandamus, seeking to compel the Industrial Commission to refigure extra compensation allowed because of violation of safety rules, was subject to demurrer. However, the ruling was based on the fact that on the face of the petition the method used was correct so that the relator was not entitled to relief under the law. The court said in the first paragraph of the syllabus:

"1. Sec. 12287 GC (§2731.05 R. C.), provides that a writ of mandamus 'must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law.' If the available ordinary legal remedy is not plain and adequate, the court may, in the exercise of sound discretion, grant the writ."

In the case of State, ex rel. Selected Properties, Inc., v. Gottfried et al., 163 Oh St 469, 127 N. E. 2d 371, the constitutionality of a provision of a zoning ordinance was challenged for not providing sufficient criteria to guide an administrative officer in determining the basis of granting a variance for the construction of a gasoline service station. The court calls attention to the deficiency of the ordinance on page 471, as follows: "The sole provision is that the use of the property for a gasoline and oil filling station in a retail business district is allowed only in accordance with the 'provisions of a variance permit issued by the Board of Appeals after proper notice.'" The court allowed the writ upon determining the ordinance unconstitutional, it being agreed by the parties that except for the ordinance, it was the mandatory duty of the proper officials of the city to issue the requested variance permit and allow the construction of the gasoline station by the relator on its property. The court held:

"1. If a zoning ordinance of a municipality does not contain sufficient criteria or standards to guide the administrative officer or tribunal in the exercise of the discretion vested in it, such enactment is unconstitutional and invalid.

"2. A municipal zoning ordinance which provides merely that the use of property for a gasoline and oil filling station in a retail business district is allowed only in accordance with the provisions of a variance permit issued by the Board of Appeals is unconstitutional and void for want of standards or criteria for the guidance of such administrative tribunal and for the protection of citizens.

"3. Under the common law, as restated in §2731.01 R. C., mandamus is a writ issued in the name of the state to an inferior tribunal, a corporation, board or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station."

The propriety of the relator in the Gottfried case, supra, seeking redress by a writ of mandamus to override the decision of a municipal officer or board must have been before the court as is clearly evident from a reading of the dissenting opinion of Judge Taft. However, on page 477, Judge Taft, in considering and quoting §2731.05 R. C., stated:

"'The writ of mandamus must not be issued when there is a plain and adequate remedy (not merely "at law" but) in the ordinary course of the law. (Emphasis added.)'

"Of course, this statute cannot limit the jurisdiction of this court in mandamus, because that jurisdiction is conferred upon the court by the Constitution. The jurisdiction in mandamus so conferred upon this court is the common-law jurisdiction as it was exercised in this state in 1851 when first conferred upon the court by the Constitution. State, ex rel. Moyer, v. Baldwin, supra; State, ex rel. Libbey-Owens-Ford Glass Co., v. Industrial Commission, supra, 306, 307. Therefore, it is probably more accurate to state that the Supreme Court may allow but that it will, in the exercise of its discretion, ordinarily deny a writ of mandamus where there is a plain and adequate remedy in the ordinary course of the law, as there is in the instant case, by reason of §2727.01 R. C."

This same principle must apply to the Court of Appeals whose jurisdiction to try a petition seeking a writ in mandamus in the exercise of its original jurisdicton is derived from the Constitution. Not only is §2727.01 R. C., therefore, not completely controlling but the same would be true of the appeals sections, particularly **Chapter 2506 R. C.** The common law rule limited the exercise of the jurisdiction of the Court of Appeals in the trial of mandamus actions, to cases in which an adequate remedy at law or in equity was not available or legally sufficient and where the relator was clearly entitled, as a matter of law, to the relief sought. In the case of **State, ex rel. v. Yacobucci, 108 Oh Ap 41,** 160 N. E. 2d 300 (Affirmed **169 Oh St 20,** 157 N. E. 2d 357, a mandamus action), the court in considering the adequacy of the remedy at law or in equity held:

"1. The 'adequate remedy' factor in the rule that a writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of law, means a remedy complete in its nature, beneficial and speedy.

"2. When a suit of mandamus seeks to require a public officer to perform a duty imposed upon such officer by law, a relator has no adequate remedy in the ordinary course of law unless a legal remedy, other than mandamus, will require the officer to perform, in effect, the specific act the law requires of the officer."

In the case of **State, ex rel. v. Lyndhurst, 168 Oh St 289,** 154 N. E. 2d 435, the action was one in mandamus, the relator seeking a writ directing the Building Inspector of the City to issue a building permit to add a second story to relator's building located at 5470 Mayfield Road in said City. The issuance of the permit was refused because of a claimed insufficiency of space for off-street parking. The issue in that case was whether the ordinance requiring off-street parking was unconstitutional because of the absence of sufficient standards to guide the administrative officer in determining the number of parking spaces to be provided. The provision in the ordinance was "parking space reasonably adequate for commercial vehicles necessary to carry on the business of the occupants of the premises * * * and for the normal volume of car parking by persons coming to the premises on matters incidental to the uses thereof." In holding this provision unconstitutional and affirming the Court of Appeals, which had ordered the building commission to issue the building permit, the court said in paragraph two of the syllabus:

"A provision in a comprehensive municipal zoning ordinance, which requires that buildings, other than dwellings, churches, theatres, assembly halls, retail stores and shops, thereafter erected or remodeled or altered shall have 'parking space reasonably adequate for commercial vehicles necessary to carry on the business of the occupants of the premises and for the normal volume of car parking by persons coming to the premises on matters incidental to the uses thereof,' does not contain sufficient criteria or standards to guide the administrative officer or tribunal in the exercise of the discretion vested in it and is unconstitutional and invalid."

From the foregoing discussion, we must conclude that the tests

to be applied to the relators' petition are first: Is he clearly and legally entitled to the relief prayed for? This question is not answered by the possibility that the performance of the act prayed for might be determined as established by the greater weight of the evidence in a trial of the facts. It must be an act to which the relator is entitled as a matter of law. And, second, is there an adequate remedy in the course of the law, taking into consideration the nature of the act required, and whether the benefits to be derived by the performance of the act will be destroyed by delay, or otherwise impaired when relief is sought by other legal or equitable remedies.

The allegations of the relators' petition, as herein set out, do not meet the tests when applied to the facts pleaded. The relators' land is in an area only partially developed with no indication whatever that the legislative judgment as to the relators' claims are not in all respects correct or that they are in fact not necessary for the protection of the public morals, health, safety and for the good of the proper development of the surrounding territory. The facts pleaded show no clear right to the relief prayed for. The demurrer must, therefore, be sustained.

HURD, PJ, KOVACHY, J, concur.