THE STATE, EX REL. RICKETTS, *v.* BALSLY, BUILDING INSPECTOR.*

(No. 8734—Decided June 27, 1960.)

*Mr. Roger R. Chacksfield,* for relator.

*Mr. C. Watson Hover,* prosecuting attorney, and *Mr. Raymond C. Wetherell,* for respondent.

*Per Curiam.* When the Board of County Commissioners of Hamilton County, on August 10, 1949, adopted the resolution, zoning the unincorporated territory of the county, the relator was the owner of 13.50 acres of land situated in unincorporated territory, upon a part of which he operated a "mobile home site" equipped to accommodate 60 trailers, assembled on a certain part of the tract nearest to Dawson Road, over which was the only public access to the entire tract. This whole tract was zoned as "Residence B," which made the operation of a mobile home site a nonconforming use.

The relator from the beginning protested the restrictions imposed upon his rights as an owner by zoning his property as "Residence B" were unlawful, and sought in various ways to secure a relaxation.

In 1952, the relator petitioned the Hamilton County Rural Zoning Commission to exercise its jurisdiction to rezone his real estate so as to permit him to operate a mobile home site within

*Judgment affirmed, 171 Ohio St., 553.

the regulations of the zoning resolution. Such petition was denied.

In 1953, relator applied to the duly authorized officer for a building permit and a zoning certificate so that he could enlarge his nonconforming mobile home park by fifty per cent, and, later, in 1953, the board refused to issue the permit and zoning certificate, for the reason that it was a nonconforming use. The ruling was appealed to the Hamilton County Board of Zoning Appeals which affirmed the ruling. On appeal to the Common Pleas Court, such ruling was reversed and the prayer of the plaintiff (relator) granted.

In 1959, relator filed an application with the respondent for a building permit and a zoning certificate. Later, the respondent refused to issue the permit and zoning certificate. No appeal was taken from this refusal.

It is clear that the relator had sought relief from every administrative agency before filing this action in mandamus, after exhausting such remedies. It is also clear that relator did not avail himself of recourse to the courts in the manner provided by statute, except as noted above wherein the court granted him all the relief for which he prayed.

In his petition, the relator alleges that the restrictions imposed by zoning his property as "Residence B" are arbitrary and unreasonable and restrict him in the enjoyment of his property, without any just object of government for support, and deprive him of his property without due process of law, contrary to the provisions found in both state and federal Constitutions.

Accordingly, the relator prays that the zoning of his property as "Residence B" property be declared null and void, and that the respondent be ordered and directed to issue a building permit and zoning certificate authorizing him to enlarge and extend his present mobile home park.

At the trial of this cause no evidence was offered by the respondent. The respondent denied generally the allegations of the petition, but relied primarily on his contention that relator had an adequate remedy at law. However, a mass of evidence descriptive of the property and the surrounding territory was introduced by the relator, and, in order that the court might

more clearly understand this evidence, the court concluded to view the premises and surroundings—and this was done. But there was no admission or stipulation as to the condition of relator's property, its availability for any particular use, its relation to surrounding property, or the effect of a trailer park.

However, no demurrer was filed, but an answer was filed consisting of a recital of the facts as heretofore set forth and a denial of the other allegations and of the capacity or authority of the respondent to issue the permit, with a prayer that the petition be dismissed.

At the trial, the right to resort to the remedy of mandamus on the facts as alleged and proved was distinctly raised and insisted upon.

By Section 2731.05, Revised Code, it is provided that: "The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law." This language has been construed to mean (and there is no doubt about it at this time) that, wherever there is a plain and adequate remedy, it is immaterial whether that remedy is equitable, legal, or statutory. If the remedy is plain and adequate, whatever its origin, it excludes recourse to the writ of mandamus.

Section 303.15, Revised Code, after providing for appeals to and from the administrative boards, provides finally for appeals to the Common Pleas Court as follows:

"* * * Any party adversely affected by a decision of a Board of Zoning Appeals may appeal to the Court of Common Pleas of such county, on the ground that the decision was unreasonable or unlawful. The court may affirm, reverse, vacate, or modify the decision complained of in the appeal."

The relator had recourse to that remedy to obtain an extension of his trailer site to accomplish a 50 per cent enlargement. As the Common Pleas Court granted him the full extent of his prayer, he is hardly in a position to assert its inadequacy. There is no reason to doubt that, if he had or should contest the validity of the zoning on constitutional grounds, his contentions would receive the same judicial consideration. The fact that the issue was raised before the administrative board and then appealed to the Common Pleas Court would not change, vary, or enlarge the issue.

Our attention has been called to the case of *State, ex rel. The Killeen Realty Co.,* v. *City of East Cleveland,* 169 Ohio St., 375, with the suggestion that it is an authority for the issuance of a building permit under the circumstances presented in this case. It is suggested that that case holds that where a plain and clear public duty is shown the writ should issue. We do not concur in that analysis of the *Killeen case.* In that case, the principal point raised against the right to recourse to the writ of mandamus was that the action for a declaratory judgment was an adequate remedy. On that subject, the court said at page 377:

"Without here passing upon the propriety of the suggested declaratory judgment action, we find that the jurisdictional prerequisites to a mandamus suit exist."

Now why did the Supreme Court conclude that it was unnecessary to answer the question whether the existence of the action for a declaratory judgment precluded recourse to the writ of mandamus? It seems to us that the answer is, that while an action for a declaratory judgment might be considered a plain and adequate remedy in certain circumstances it was not a plain and adequate remedy in the circumstances of the *Killeen case.* In that case, the proposed use was a supermarket, and the preparation of detailed plans and specifications required before a building permit could be granted under the zoning ordinance would have been a very tedious and expensive undertaking. The evidence was that the cost thereof would have been about $14,000. The relator in the case at bar was presented with no such obstacle. In his petition, he alleges that he filed with his application for a permit all plans and specifications requested by respondent. Thus, it is seen that on that point the factual situation in the two cases is directly contradictory. There are other points of dissimilarity, as is shown by the recital of the obstacle to a remedy in the ordinary course, set forth in the second paragraph of the syllabus:

"Where the doing of an act which is a prerequisite to the performance of an assigned function of a municipal authority would be onerous and expensive and the doing of which act would be a vain thing, and where the failure to do such act is not the ground for refusal by the municipal authority to per-

form its assigned function, failure to do that act will not constitute a bar to an action in mandamus to compel the performance of such function upon the subsequent doing of such act."

The *Killeen case* originated in the Eighth District Court of Appeals. That court made the finding of facts which formed the basis for its conclusion and the Supreme Court's conclusion that mandamus was available under the circumstances. In *State, ex rel. Trusz*, v. *Village of Middleburg Heights,* 82 Ohio Law Abs., 481, the same Court of Appeals was called upon to decide a case involving under what circumstances a writ of mandamus was available to enforce the issuance of a building permit. The sixth paragraph of the headnotes sets forth the grounds upon which the court sustained a demurrer to the petition:

"In an action in mandamus seeking a writ directing the respondents to issue a building permit to build a gasoline station, relator to prevail must be clearly and legally entitled to the relief prayed for as a matter of law and there must be no other adequate remedy in the course of the law, taking into consideration the nature of the act required, and whether the benefits to be derived by the performance of the act will be destroyed by delay, or otherwise impaired when relief is sought by other legal or equitable remedies."

While we are not presented with a demurrer to the petition in the case at bar, we are presented with exactly the same situation. The evidence shows that the relator had a plain and adequate remedy by appeal to the Common Pleas Court from the administrative board in which he could have had his rights determined and enforced adequately by that court in the ordinary course.

For these reasons, we find that the relator has failed to prove a cause of action within the original jurisdiction of this court.

*Writ denied.*

MATTHEWS, P. J., LONG and O'CONNELL, JJ., concur.