STATE, EX REL. JOSEPH RUBINSTEIN, RELATOR, *v.* GAVIN ET, RESPONDENTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25596.   Decided May 2, 1963.

34

*Mr. Michael A. Picciano* and *Mr. Alan Meltzer*, for relator.
*Mr. Bronis J. Klementowicz*, director of law, *Mr. Irwin L. Silbert* and *Mr. Marvin N. Halpern*, assistant directors of law, for respondents.

ARTL, J. This is an original action in mandamus. Relator seeks a writ of mandamus to compel the respondents as the Board of Building Standards and Building Appeals of the City of Cleveland to accord him a hearing and determination of the correctness and reasonableness of several orders issued by the Commissioner of Building and Housing of the City of Cleveland.

The case was tried upon the amended petition, the answer, reply and the evidence as reported by a Master Commissioner appointed by this court for that purpose. We have had the benefit of briefs submitted by both parties and oral arguments.

Relator's amended petition alleges twenty-four causes of action numbered 1 to 24, both inclusive, and each predicated upon a refusal by the respondents to grant the right of appeal from the notices of violation and orders issued. The notices of violation as to the first seventeen causes of action were issued on or about January 28, 1959, by the Division of Building and Housing of the City of Cleveland, of which William D. Guion was then the Commissioner.

Attached to the amended petition is a photocopy of each of the notices of violations and orders issued, identified for the record by an appropriate exhibit number and likewise identified with the specific property to which each relates as follows:

Cause No. 1, property 5607 Haltnorth
Court                                                    Exhibit 3, 4;

| | |
|---|---|
| Cause No. 2, property 5702 Haltnorth Court | Exhibit 5, 6; |
| Cause No. 3, property 5706 Haltnorth Court | Exhibit 7, 8; |
| Cause No. 4, property 5708 Haltnorth Court | Exhibit 9, 10; |
| Cause No. 5, property 5804-08 Haltnorth Court | Exhibit 11, 12; |
| Cause No. 6, property 6111 Kinsman Avenue | Exhibit 13, 14; |
| Cause No. 7, property 6820 Woodland Avenue | Exhibit 15, 16; |
| Cause No. 8, property 2682 East 48 Street | Exhibit 17, 18; |
| Cause No. 9, property 2723 East 53 Street | Exhibit 19, 20; |
| Cause No. 10, property 2164 East 55 Street | Exhibit 21; |
| Cause No. 11, property 2657 East 55th Street | Exhibit 22; |
| Cause No. 12, property 2424 East 66 Street | Exhibit 23, 24; |
| Cause No. 13, property 2512 East 59 Street | Exhibit 25, 26; |
| Cause No. 14, property 2167 East 71 Street | Exhibit 27, 28; |
| Cause No. 15, property 2171 East 71 Street | Exhibit 29, 30; |
| Cause No. 16, property 2208 East 76 Street | Exhibit 31, 32; |
| Cause No. 17, property 3346 East 130 Street | Exhibit 33, 34. |

The amended petition of the relator includes another group of causes of action identified as causes numbers 18 to 24, both inclusive, and likewise predicated upon a refusal to grant the right of appeal by respondents from the notices of violations and orders issued. The notices of violation in each instance are attached to the amended petition, by photocopy, and each is identified by an appropriate exhibit number. The dates of

these notices vary and will be set forth herein, and as to this group the notices were issued by Robert C. Greenhalgh, who became the Commissioner of Housing sometime in early 1959.

| | |
|---|---|
| Cause No. 18, property 5702 Haltnorth Court, dated 12-12-60 | Exhibit 58; |
| Cause No. 19, property 6202 Outhwaite Avenue, dated 5-3-60 | Exhibit 59; |
| Cause No. 20, property 6204 Outhwaite Avenue, dated 5-3-60 | Exhibit 60; |
| Cause No. 21, property 2164 East 55 Street, dated 3-8-61 | Exhibit 61, 61A; |
| Cause No. 22, property 2424 East 66 Street, dated 2-7-61 | Exhibit 62; |
| Cause No. 23, property 2167 East 71 Street, dated 2-27-61 | Exhibit 63; |
| Cause No. 24, property 2512 East 59 Street, dated 1-30-61 | Exhibit 64. |

It should be noted that the property listed in the first group of causes of action, numbers 2, 10, 12, 13 and 14, were each the subject of violation notices and orders under date of January 28, 1959, and subsequently again became subject to violation notices as indicated in causes 18, 21, 22, 23 and 24 as above noted in the second group and on the date noted.

The gravamen of relator's complaint is that at all times pertinent hereto there was, and still is, in full force and effect, Section 76-6 of the Charter of the City of Cleveland, and Section 5.0717 of the Building Code of said city; that in accordance with the provisions of the foregoing, he gave timely written notice of appeal to the Commissioner and to the respondents from the respective orders issued; that respondents have failed and refused to accord him a hearing on each of said appeals and have failed and refused to hear and determine the correctness and reasonableness of said orders; that he is thereby deprived of all opportunity of review or appeal from such orders of the Commissioner and has suffered and will suffer great and irreparable injury, for which he has no adequate remedy at law.

Relator prays that a writ of mandamus issue, requiring the

respondents to accord him hearings on his respective appeals; that the respondents be required to proceed to hear and determine all matters concerning said respective appeals in the manner and to the full extent required of them by law; that they be required to grant to the relator such relief on said respective appeals as he might be entitled to by law; or, in the alternative, that they show cause before this court why they have not done so or should not be required to do so; and relator further prays for all other relief to which he may be entitled.

Respondents' answer in substance admits that the relator received from such Commissioner orders relating to the location, design, materials, construction, alteration, repair, equipment, use, occupancy and maintenance of the structures as mentioned in each of the twenty-four causes of action pleaded in relator's amended petition, but they deny each and every, all and singular, the allegations of the petition not therein specifically admitted to be true.

Respondents further plead that the City of Cleveland is a municipal corporation organized and existing under and by virtue of the Constitution and the laws of the State of Ohio and a Charter adopted by the people of the City of Cleveland. The answer continues that the Charter of the City of Cleveland presently contains the following sections:

Section 1. General Powers;

Section 2. Enumeration of Powers Not Exclusive;

Section 76-5. Zoning;

Section 76-6. Board of Appeal; subsection (a) Board of Zoning Appeals; subsection (b) Jurisdiction of Board of Zoning Appeals; subsection (c) Board of Building Standards and Building Appeals; subsection (d) Jurisdiction of the Board of Building Standards and Building Appeals.

The provisions of Section 76-6 (d) of the said Charter, relating as they do to the jurisdiction of the Board of Building Standards and Building Appeals being particularly germane to the problem herein involved, are set out in full:

"(d) Jurisdiction of the Board of Building Standards and Building Appeals:

"The Board of Building Standards and Building Appeals shall have the power:

"To approve or disapprove materials, types of construc-

tion, appliances, devices or appurtenances proposed for use pursuant to the Building Code of the City of Cleveland.

*"To make, amend, and repeal rules and regulations for carrying into effect all provisions of the Building Code other than those relating to zoning and to include in such rules and regulations provisions applying to specific conditions and prescribing means and methods of practice to effectuate such provisions.*

"To hear and decide appeals from, and to review upon motion of any member of the board, any order, requirement, decision or determination of the Commissioner of Building and Housing, or of any other administrative official or agency of the city, relating to the location, design, materials, construction, alteration, repair, equipment, use or occupancy, maintenance, removal or demolition, of any building or other structure, or any appurtenance connected or attached to such buildings or structures, regulated by the Building Code of the City of Cleveland, and any rule or regulation or amendment or repeals thereof made by said officials or agencies under the authority conferred upon them by the Building Code of the City of Cleveland, by reversing or affirming in whole or in part, or modifying such order, requirement, decision or determination, or rule, regulation, amendment or repeals thereof as in its opinion ought to be made in the premises, and to that end shall have the power of the officer or agency relative to whose ruling the action is taken; *except that matters relating to zoning shall not come within the province or jurisdiction of this board.* In taking such action, the Board of Building Standards and Building Appeals may vary or modify the application of any provision of the Building Code *except provisions relating to zoning* to any particular case when, in its opinion, the enforcement thereof would do manifest injustice, impose unnecessary hardship, or would be contrary to the intent and purpose of the Building Code, or public interest.

"To review, upon the motion of any member of the Board, any rule, regulation or decision of the Board; but no such review shall prejudice the rights of any person who has in good faith acted thereon before it is reversed or modified.

"To exercise with respect to buildings situated in the City of Cleveland the same powers as are exercised by the Board of

Building Standards under the laws of the State of Ohio to the extent that it is competent for this Charter so to authorize the board.

"To formulate and submit to the City Council, changes in and amendments to the Building Code which the Board determines as desirable for the proper regulation of buildings and structures and the equipment thereof and appurtenances thereto in the City of Cleveland.

*"To establish rules and regulations for its own procedure not inconsistent with this section."* (Emphasis supplied.)

Respondents' answer pleads further the adoption by the Board of Building Standards and Building Appeals of the following rule:

"RULE OF THE BOARD
No. 42
"BOARD OF BUILDING STANDARDS AND BUILDING APPEALS

"RE: Acceptance of Appeals to the Board of Building Standards and Building Appeals.

Adopted: July 15, 1957
Effective: August 6, 1957

"WHEREAS, the Board of Building Standards and Building Appeals is empowered by Section 76-6 (d) of the Charter of the City of Cleveland to establish rules and regulations for carrying into effect all provisions of the Building Code other than those relating to zoning and to provide means and methods of practice to effectuate such provisions, and,

"WHEREAS, the Building Code of the City of Cleveland in the subsequently listed sections requires that no building or part of a building shall be erected or altered, and no premises shall be used or altered in violation of the provisions of Chapter 5.11, 'Zoning':

| | | |
|---|---|---|
| 5.1518 | 5.1715 | 5.1902 |
| 5.1534 | 5.1730 | 5.1922 |
| 5.1549(b) | 5.1754 | 5.1938 |
| 5.1702 | 5.1776 | 5.2502, and |

"WHEREAS, the Board of Building Standards and Building Appeals finds that a multiplicity of appeals and undue hardship on the property owner will result if compliance is not obtained with the requirements of Chapter 5.11, 'Zoning' prior

to conformity to Building regulations or appeals from orders relating thereto, now, therefore

"BE IT RESOLVED, that the Board of Building Standards and Building Appeals adopts the following rule relating to acceptance of an appeal from a ruling or citation of the Commissioner of the Division of Building and Housing and the action to be taken by the Board in the case of an appeal presented in which a variance from the provisions of Chapter 5.11, 'Zoning' is involved.

"1. The Staff of the Board of Building Standards and Building Appeals shall not accept an appeal from a ruling or citation issued by the Division of Building and Housing unless said ruling or citation shall be accompanied by a written determination rendered by the administrative official that the requirements of Chapter 5.11, 'Zoning' are complied with for existing or proposed use.

"2. An appeal before the Board of Building Standards and Building Appeals which proposes a use of premises in excess of the Zoning determination of the administrative official shall be denied."

Respondents further plead that at the time relator attempted to perfect an appeal to the Board of Building Standards and Building Appeals he was cited for zoning violations in regard to the properties described in causes of action numbers 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24; that no appeal was taken by relator to the Board of Zoning Appeals from the orders issued; that relator's properties as mentioned in causes of action numbers 1 to 24, inclusive, of the petition, were not being used in compliance with the Zoning Ordinances of the City of Cleveland as determined by the administrative official. Respondents pray that the writ of mandamus be denied.

Relator's reply in substance denies that at the time he gave written notice of appeal to the respondents he was cited for zoning violations as alleged in said answer; denies each, all and singular, the statements and allegations contained in said answer except those which admit the truth of the petition and such as are admitted therein; and alleges further that the alleged rule of the Board of Building Standards and Building Appeals pleaded is invalid and of no legal effect.

The record indicates that relator filed a timely notice of appeal with the Commissioner of Buildings, William D. Guion, and with the Board of Building Standards and Building Appeals from said violation notices and orders set forth in the foregoing schedule of causes of action numbers 1 to 17, inclusive.

The record indicates that the relator filed a timely notice of appeal with the Commissioner of Housing, Robert Greenhalgh, and with the Board of Building Standards and Building Appeals from said violation notices set forth in the schedule of the latter group, causes of action numbers 18 to 24, inclusive.

The record further establishes that the Board of Building Standards and Building Appeals under date of April 4, 1961, returned to the relator, in care of his attorneys, all of the foregoing appeals, together with the letter of transmittal thereof to the board, and the respective notices of appeal. Each of said returned notices of appeal, so returned to the relator, were transmitted, except as to the property involved and the date of the notice, as follows:

"Dear sirs:                           Property at: ..............

The Board of Building Standards and Building Appeals has directed the undersigned to notify you that the papers identified as 'Notice of Appeal' dated .............. and received by the office of the Board ................ do not constitute a proper appeal before the Board of Building Standards and Building Appeals.

Very truly yours,

Harry J. Frensen
Executive Secretary"

The date received by the board varies as to each violation notice covered.

One issue of fact that must be resolved rises from the affirmative allegation in respondents' answer which is denied by relator's reply, that is, whether or not the relator had been cited for zoning violations at the time he attempted to perfect an appeal respecting the orders involving the premises described in the causes of action above set forth.

The form in use by the city dealing with Notice of Violations and orders is substantially as follows:

"CITY OF CLEVELAND

Division of Building and Housing

Room 505 City Hall

## NOTICE OF VIOLATION OF BUILDING ORDINANCES

File No.........

Date ...... 19 .....

Location ....................................................................

Agent or Owner ............................ Address .............................

| Permit No. | Plan No. | Class | Grade | Division | Stories |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

Kind of Structure ...................................................

| No. | Section Violated | |
|---|---|---|
| | | |
| | | |
| | | |

NOTE:  Above violations must be corrected within........days.

Inspector...................No......."

From an examination of the Notice of Violation forms used by the City, it is apparent that in each instance the Commissioner, through the Inspector, sets forth opposite the violation and order issued the section number of whichever ordinance was involved. The Zoning Code of the City of Cleveland is found in Chapter 5-11, Zoning. As an example, in Exhibit 79B in the record, we note, item "8—Section Violated 5.1118—Order—Provide offstreet parking facilities for present occupancy."

From our examination of the Notices of Violation involved as they relate to this issue of fact, it appears that the relator was charged with or cited for zoning violations in respect to properties described in each of the causes of action enumerated by the respondents' answer except property at 2164 East 55th Street, the subject of causes of action 10 and 11, Exhibits 21, 61 and 61A; property at 2657 East 55th Street, subject of cause of action 11, Exhibit 22; property at 2424 East 66th Street, subject of causes of action 12 and 22, Exhibits 23, 24, and 62.

As to property at 2512 East 59th Street, described in causes of action 13 and 24, Exhibits 25 and 26 as they relate to cause of action 13 charge a zoning violation and Exhibit 64 as it relates to cause of action 24 does not charge a zoning violation. We likewise find that as to property at 5607 Haltnorth Avenue, not included in respondents' answer affirmatively but included in cause of action 1, Exhibits 3 and 4 likewise charge a zoning violation.

It is conceded that no appeal was taken by the relator to the Board of Zoning Appeals from the orders issued by the Commissioner.

During the presentation of the oral arguments it was claimed by relator that Exhibits 67C, 71C, 71D, 72C, 79B, 87B, 89B, 89C and 92B received in evidence were notices of violation that indicated no zoning violations.

Exhibit 67C and Exhibits 79B and 79C relate to property at 2512 East 59th Street. These exhibits relate to causes of action 13 and 24, being the same as Exhibits 25 and 64 attached to the amended petition. We have noted above that one notice received by relator charged a zoning violation, the other did not and therefore cannot be considered as free from zoning violation.

Exhibits 71C, 71D and 87B relate to property at 2164 East

55th Street and are identified as the subject of causes of action 10 and 21, Exhibits 21, 61 and 61A, attached to the petition. No one of these notices charges zoning violations.

Exhibits 72C, 89B and 89C relate to property at 2424 East 66th Street identified in causes of action 12 and 22, Exhibits 23, 24 and 62 attached to petition. No one of these notices charges zoning violations.

Exhibit 92B relates to property at 2657 East 55th Street identified as the subject of cause of action 11, Exhibit 22, attached to petition. This violation notice charges no zoning violation.

It is an accepted doctrine in Ohio that a clear legal right to the writ of mandamus must be shown by the relator. *State, ex rel. Trusz, v. Village of Middleburg Heights,* 112 Ohio App., 87, 163 N. E. (2d), 778. It is incumbent upon the relator to prove that it has such a clear legal right. *State, ex rel. Rhoad, v. Groff,* 109 Ohio App., 221, 164 N. E. (2d), 761, and appeal dismissed, 170 Ohio St., 72, 162 N. E. (2d), 465.

Has the relator established that he has such a clear legal right to a writ of mandamus? To get to the crux of the problem here presented, the record indicates that the relator was served with violation notices and orders issued by the authorized commissioners; that relator has filed timely notices of appeal to the Board of Building Standards and Building Appeals, the Board established by the Charter, and ordinances of the City with authority and jurisdiction to hear and determine appeals from all orders 'relating to the location, design, materials, construction, alteration, repair, equipment, use or occupancy, maintenance, removal or demolition, of any building or other structure, or any appurtenances connected or attached to such buildings or structures, regulated by the Building Code of the City of Cleveland * * *; except that matters relating to zoning shall not come within the province or jurisdiction of this board, * * *," and that such appeals were denied by the Board on the basis and authority of the aforesaid Rule 42. The relator challenges the validity and legal effect of such rule.

It is evident from a study of the Charter of the City of Cleveland that the Board of Building Standards and Building Appeals has been vested with jurisdiction to make rules governing its own procedures. The only limitation thereon is that the

rules and regulations must not be inconsistent with this section, 76-6 (D) of the Charter.

After a very careful study of the rule in question, it is clearly manifest that its purpose is a very worthy one, namely, that where a violation notice is one containing mixed violations, some relating to zoning and others relating to building code ordinances, the matter of a determination of zoning questions should be done first. The reason for it is evident when we consider that it is and should be the function of the Board of Building Appeals as a result of its hearings on appeal to grant to the property owner appellant effective relief. Regardless of the relief granted by this board after costly and extended hearings, of what value and effectiveness would such relief be if thereafter the Building Commissioner, because of zoning regulation violations, would refuse to the appellant the permit sought? It would be a useless and vain act. To follow through on this basis, the property owner appellant would probably be required to then appeal to the Zoning Board of Appeals and dependent upon its final determination, it could conceivably be necessary for appellant once again to resort to the Board of Building Standards and Building Appeals.

It is clear that the rule in question is designed to obviate any such occurrence. The purpose is really a salutary one and devised to effect an efficient and orderly administration of a branch of the municipal government recognized as vital to the welfare of the community. It is a matter of common knowledge that this board is an extremely busy one and its effectiveness and ability to keep up with its very heavy burden depends to a great extent upon its orderly procedures.

To the extent that the violation notices appealed from by relator on their face charged mixed violations of zoning and building code ordinances, it is our conclusion that pursuant to said Rule 42 of the Board of Building Standards and Building Appeals, the board of the City of Cleveland was within its authority to refuse to hear and determine such appeals, unless as a condition precedent the matter of zoning violations was first determined.

However, it is to be pointed out that in a few instances earlier noted, some of the violation notices from which appeals were instituted did not charge upon their face violations of

zoning ordinances. The interpretation placed upon Rule 42 by the Board of Building Standards and Building Appeals was to the effect that every appeal to the Board should be accompanied by a determination that zoning regulations were not involved.

In our study of this problem we have sought in vain for any legal justification that could form a sound legal basis upon which such interpretation could be founded. We cannot close our eyes to the conclusion that the Commissioner of Building and Housing and his trained and qualified staff are capable of recognizing a zoning violation when they see one; and when they do, they incorporate such violation in the notices they serve, identifying the section of the code that is involved and issue an appropriate order. When this occurs, it is simple to determine from the contents of the notice that a zoning violation is charged and ordered corrected. But when the notice of violations is issued and does not charge the property owner with a zoning violation but is limited to building code violations, we can see no legal justification for imposing upon the property owner the necessity of obtaining the certificate of the proper administrative official showing clearance with respect to zoning, and to that extent we conclude that the Board of Building Standards and Building Appeals exceeded its authority. The Board should have proceeded to hear and determine the appeals of the relator in those instances where no zoning violation was charged on the face of the notice served on the relator.

The relator, as stated, attacks Rule 42 as being invalid and of no legal effect. With this conclusion we cannot agree. There are certain other aspects of this rule which might raise serious questions. We are not called upon to consider them in this action. As applied to the facts in this case, Rule 42, as adopted within the power and authority of the Board, is not inconsistent with the provisions of the Charter and the ordinances enacted pursuant to such charter provisions. The error of the Board above referred to was in the application of the rule to certain appeals.

We, therefore, determine and hold that as to the appeals relating to causes of action numbers 10, 11, 12, 21 and 22, relator

is entitled to have a writ issue in his favor. As to all other causes of action, the writ is denied.

Writ to issue in part and overruled as to balance.
Exceptions. Order see journal.

KOVACHY, P. J., and CORRIGAN, J., concur.