CURRAN *v.* BOARD OF PARK COMMISSIONERS, LAKE COUNTY
METROPOLITAN PARK DISTRICT.

(No. 50325—Decided February 9, 1970.)

Common Pleas Court of Lake County.

*Mr. Yale A. Barkan,* for relator.
*Mr. Paul H. Mitrovich,* for respondent.

SIMMONS, J.  Plaintiff-relator seeks a writ of manda-
mus compelling defendant-respondent board to open all of
its records for her inspection and that of the general public.
She claims that she was refused access in April 1969 by
defendant's chief employee, its director-secretary, who an-
nounced as board policy that the records she sought were
closed to the public and would remain closed in the future.
Defendant denies that it has or will refuse plaintiff

or others access to its public records, but claims that the specific files plaintiff seeks are not within the public domain. Or if they are public, it says, they are privileged matter which may be withhheld from view.

After considering the pleadings, evidence, counsel briefs and the law, it is the decision of this court that the writ be denied. Plaintiff has failed to satisfy her burden of establishing a clear right to this remedy.

Judgment of dismissal is granted defendant. Exceptions are noted for plaintiff against whom costs are taxed.

IT IS SO ORDERED.

Defendant's land acquisition files are the bones over which these parties are snarling. Plaintiff wanted to see some in April 1969, and now insists she has a right to see all without limit. Defendant refused to let her see some then and now insists it has the right to refuse her all without exception.

Plaintiff argues that everything in the files, particularly appraisals, are public records because they are "required to be kept" within the meaning of Section 149.43, Revised Code. Defendant, on the other hand, argues that nothing in the files, especially appraisals, are public records because such papers do not reflect the board's "proceedings" within the meaning of Section 1545.07, Revised Code.

The issues and my conclusions on them are as follows:

(1) *Is a park board a governmental unit subject to the public records provisions of Section 121.22, 149.40 and Section 149.43, in addition to Section 1545.07, Revised Code?*

I deem it is, upon the authority of Section 1545.07 ("such board shall be a body politic and corporate—") and *Village of Willoughby Hills* v. *Board of Park Commissioners*, 3 Ohio St. 2d 49 ("—a park board is a political subdivision of the state—").

(2) *What kind of records in defendant's custody are "public records" which plaintiff has a right to see upon reasonable request?*

The positions of both parties are too extreme on this issue. The definition of public records is neither so narrow as to exclude everything but minutes of the board's

meetings, as the board contends, nor so broad as to include land appraisals, as plaintiff claims.

Construing Section 149.43, Revised Code, I hold that public records are those records which a governmental unit is required by law to keep or which it is necessary to keep in discharge of duties imposed by law. 35 Ohio Jurisprudence 2d, Lost Instruments and Recordings, page 741; 45 American Jurisprudence, Records and Recording Laws, page 421.

What types of records are public in the case of a park board? The law requires it to keep records of "proceedings" and proceedings embrace all resolutions and contracts in addition to meetings. 57 Ohio Jurisprudence 2d, Words and Phrases, pages 714 and 715; Section 121.22, Revised Code.

Moreover, it is commanded "to compile and publish reports and information relative to the park district and to the proceedings and *functions of the board.*" Section 1545.08, Revised Code.

To my mind, the mandate of these sections fashions a broad compass of park board documents which must be opened to public inspection. It is broad enough to embrace the descriptions enumerated in Section 149.40, Revised Code, "—any document—which serves to document (sic) the organization, functions, policies, decisions, procedures, operations, or other activities of the office—."

So, any record which reflects action of the board, or employees at its direction, is public.

It is clear that resolutions authorizing land purchases, contracts executing the resolutions and even outgoing mail relative to either one should be opened to public view. But it is also clear, that documents originating elsewhere, including appraisals, need not be made public, even though official action is based in part upon them.

(3) *Did defendant deny plaintiff access to public records?*

Plaintiff did not prove the affirmative of this issue according to her burden. She was refused land purchase files. Some of those files were identified in court but none were

introduced in evidence so their contents could be put to the test of a public record. Of the files that were identified, some contained appraisals. Since these fail the test, plaintiff had no right to see them nor does she now. Whether there were papers in any of the files that she did have a right to see we will never know.

Apart from the flaws of her evidence, plaintiff's petition is flawed as well. She asks that the writ issue to prevent future wrongs which threaten her and the public at large:

"Relator prays for a peremptory writ of mandamus compelling the defendant to immediately open and make available for inspection by relator and the general public at reasonable times all of defendant's records, past, present and future, now under or to come under defendant's care and control—."

A writ of mandamus is an extraordinary legal remedy, granted only where a right is clearly shown, which commands the performance of an act which the law specifically enjoins. Its issuance is discretionary with the court but discretion may be exercised only where a certain injury has occurred to relator. It is designed to redress past grievances not control future conduct to prevent future injury. Where the claim is for a continuing use of public records, not merely for a single occasion, with all material facts defined, the proper remedy is by a mandatory injunction and not mandamus. *State, ex rel. Rhoad,* v. *Groff,* 109 Ohio App. 221; *Wells* v. *Lewis,* 12 O. D. N. P. 170.

In the light of this decision, it is unnecessary to consider defendant's claim of privilege.